DAVIDOFF HUTCHER & CITRON LLP
*Proposed Attorneys for the Debtor*
605 Third Avenue
New York, New York 10158
(212) 557-7200
Robert L. Rattet, Esq.
Jonathan S. Pasternak, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| MADISON 33 PARTNERS, LLC, | Case No. 24-22500 (PB) |
| Debtor. | |

-----------------------------------------------------------x

**APPLICATION TO EMPLOY AND RETAIN DAVIDOFF HUTCHER & CITRON LLP
AS ATTORNEYS FOR THE DEBTOR, EFFECTIVE AS OF JUNE 4, 2024**

**TO:  THE HONORABLE PHILIP BENTLEY,
       UNITED STATES BANKRUPTCY JUDGE:**

The above-captioned debtor and debtor-in-possession (the "Debtor"), by its chief restructuring officer, David Goldwasser, hereby submits this application (the "Application") seeking entry of an order authorizing the Debtor's retention of Davidoff Hutcher & Citron LLP ("DHC") as its attorneys in this Chapter 11 case, effective as of June 4, 2024. In support of its Application, the Debtor respectfully represents as follows:

**JURISDICTION**

1.  The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.  The statutory basis for the relief requested herein is section 327(a) of title 11 of the United States Code, 11 U.S.C., et seq. (the "Bankruptcy Code").

3. On June 4, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

4. The Debtor has continued in possession of its property and the management of its business affairs as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or statutory committee has been appointed.

5. The Debtor was formed to own the membership interests in Madison 33 Owner, LLC ("Owner"), which in turn is the sponsor and developer of condominium units located at 172 Madison Avenue, New York, New York (the "Property").

6. The Debtor intends to utilize Chapter 11 to market and sell remaining condominium units at the Property to attempt a settlement with its lenders and other creditors, and file a plan of reorganization.

**RELIEF REQUESTED**

7. The Debtor seeks to retain DHC as its attorneys in the Chapter 11 Case. Accordingly, the Debtor requests entry of an order in substantially the form annexed hereto as **Exhibit "A"** and pursuant to Bankruptcy Code §327(a) and Bankruptcy Rule 2014(a) authorizing the Debtor to employ and retain DHC as its attorneys to perform services necessary in the Chapter 11 Case.

8. The professional services DHC will render to the Debtor include the following:

   a. To give advice to the Debtor with respect to its powers and duties as Debtor-in-Possession and the continued management of its property and affairs.

   b. To negotiate with creditors of the Debtor and work out a plan of reorganization and take the necessary legal steps in order to effectuate such a plan including, if need be, negotiations with the creditors and other parties in interest.

   c. To prepare the necessary answers, orders, reports and other legal papers

        required for a debtor who seeks protection from its creditors under Chapter 11 of the Bankruptcy Code.

      d.    To appear before the Bankruptcy Court to protect the interest of the Debtor and to represent the Debtor in all matters pending before the Court.

      e.    To attend meetings and negotiate with representatives of creditors and other parties in interest.

      f.    To advise the Debtor in connection with any potential refinancing of secured debt and any potential sale of the business.

      g.    To represent the Debtor in connection with obtaining post-petition financing.

      h.    To take any necessary action to obtain approval of a disclosure statement and confirmation of a plan of reorganization.

      i.    To perform all other legal services for the Debtor which may be necessary for the preservation of the Debtor's estate and to promote the best interests of the Debtor, its creditors and the estate.

9. The Debtor selected DHC for the reason that DHC and certain of its attorneys have had extensive experience representing debtors in proceedings before this Court and are well suited to represent the Debtor in the instant proceeding.

10. It is necessary for the Debtor to employ DHC for such professional services pursuant to §327 of the Bankruptcy Code.

11. To the best of the Debtor's knowledge, DHC has no connection with the creditors or any other party in interest or their attorneys. The declaration of Jonathan S. Pasternak, (the "Pasternak Declaration") as to DHC's disinterestedness is annexed hereto as **Exhibit "B."** To the best of the Debtor's knowledge, DHC does not hold or represent any interest adverse to the Debtor's estates, DHC is a "disinterested person" as defined in Bankruptcy Code §101(14), and DHC's employment is necessary and in the best interests of the Debtor and its estate.

12. Prior to the Petition Date, Yitzchak Tessler on behalf of the Debtor, paid a

3

$25,000 retainer to DHC for services to be rendered in the Chapter 11 Case, and promised to pay DHC another $25,000 on or before July 1, 2024. A Lar Dan Declaration further detailing this third-party payment of the retainer to DHC is annexed hereto as **Exhibit "C"**.

13. Subject to Court approval, compensation will be paid to DHC for services provided on an hourly basis plus reimbursement of actual, necessary expenses incurred. DHC Bankruptcy Practice Group's 2024 hourly rates for matters related to this Chapter 11 proceeding are as follows:

| | |
|---|---|
| Attorneys | $475-$825 |
| Paraprofessionals | $195-$275 |

14. The hourly rates above are subject to periodic adjustment to reflect economic and other conditions. The hourly rates above are standard, if not below standard, rates for work of this nature. These rates are designed to fairly compensate DHC for the work of its attorneys and paralegals and to cover fixed routine overhead expenses.

15. DHC will be paid for the legal services rendered upon application duly filed with this Court and order(s) pursuant to Bankruptcy Code §330 and 331.

16. The Debtor desires to employ DHC pursuant to Bankruptcy Code §327 because of the extensive legal services, which are required and indeed are anticipated for a successful reorganization under Chapter 11 of the Bankruptcy Code.

**WHEREFORE**, the Debtor prays for an Order of this Court authorizing it to employ and DHC to represent it as counsel in this proceeding under Chapter 11 of the Bankruptcy Code, together with such other and further relief as appears just to this Court, for all of which no previous application has been made.

Dated: New York, New York
       June 17, 2024

MADISON 33 PARTNERS, LLC

By:<u>*/s/ David Goldwasser*</u>
David Goldwasser, Chief Restructuring Officer
