**OFFIT KURMAN, P.A.**
Jason A. Nagi, Esq.
Kenneth J. Flickinger, Esq.
590 Madison Avenue, 6th Floor
New York, NY 10022
Phone: 212-545-1900
jason.nagi@offitkurman.com
kenneth.flickinger@offitkurman.com

**OFFIT KURMAN, P.A.**
Joyce A. Kuhns, Esq. (admitted pro hac vice)
1954 Greenspring Drive, Suite 605
Timonium, MD 21093
Phone: 410-209-6463
jkuhns@offitkurman.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MADISON 33 PARTNERS, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 24-22500 (PB) |

**OBJECTION BY PALM AVENUE HIALEAH TRUST TO APPLICATION
TO EMPLOY AND RETAIN DAVIDOFF, HUTCHER & CITRON LLP
AS ATTORNEYS FOR THE DEBTOR**

Palm Avenue Hialeah Trust, a Delaware statutory trust, for and on behalf of and solely with respect to Series 2023-3 ("**Palm Avenue**" or "**Lender**"), by its attorneys, Offit Kurman, P.A., files this Objection to Debtor's Application to Employ and Retain Counsel [ECF No. 14] (the "**Application**") by Davidoff, Hutcher & Citron LLP (the "**Davidoff Firm**") and states:

**PRELIMINARY STATEMENT**

1. Proposed counsel, the Davidoff Firm, is seeking to be retained under Section 327(a) of the Bankruptcy Code as general bankruptcy counsel to a debtor-in-possession, a fiduciary to the estate and its creditors. To qualify as Section 327(a) counsel, a professional may not hold or represent an interest adverse to an estate and must be disinterested in order to assist a debtor-in-possession in fulfilling its fiduciary duties. Nonetheless, the Application is missing critical, mandatory disclosures regarding the Davidoff Firm's connections to non-debtor parties-in-interest that draw into serious question its eligibility to serve as Section 327(a) counsel in this case. As more fully explained below and by way of example, Mr. Pasternak has represented in his

Declaration of Disinterestedness that neither he nor his firm nor any attorney at his firm has any connection to other parties-in-interest in this case which conflicts with representations made by Mr. Tessler, the purported owner of the manager of the Debtor, in writing to third parties that the Davidoff Firm is also counsel to another party-in-interest, Madison 33 Owner, LLC, in which the Debtor holds 100% of its member interests. The "supporting" Declarations to the Application also fail to disclose the source of the retainers paid by Mr. Tessler to the Davidoff Firm, which Lender believes are its collateral rents, diverted from Lender ultimately into the pockets of the Davidoff Firm. Lender, therefore, maintains that the proposed retention may not be approved, and certainly not before required disclosures are made establishing whether the Davidoff Firm lacks adversity and is disinterested as required of Section 327(a) counsel, which Lender doubts.

## BACKGROUND

2.     Lender incorporates by reference the Statement of Facts in Lender's Motion to Dismiss this case, filed on June 20, 2024 [ECF No. 17], regarding the background of the Loan, security agreements and Madison 33 Owner LLC's default thereon.[1]

3.     On February 9, 2024, Lender's predecessor-in-interest, ARCPE 1 LLC, by its counsel, sent a notice to one of the two commercial tenants in the Property, 209 NYC Dental L.L.P., advising it of Madison 33 Owner LLC's default under the Loan Documents and directing the tenant to submit all future rent payments to ARCPE 1 LLC. Declaration of Jason A. Nagi ("**Nagi Decl.**"), Exhibit 1.

4.     On May 7, 2024, Lender, by its counsel, sent a notice to the other tenant in the Property, Noda North America, Inc., d/b/a AREA Furniture, advising it of Madison 33 Owner LLC's default under the Loan Documents and directing the tenant to submit all future rent payments to Lender. Nagi Decl., Exhibit 2.

---

[1] Capitalized terms not defined herein have the same meaning as set forth in Lender's Motion to Dismiss at ECF No. 17.

2

5. On or about June 20, 2024, Tessler, on behalf of Madison 33 Owner LLC, delivered a notice to the tenants advising them that "[a]s a result of an ongoing dispute with our lender, all future rents should be sent only to the landlord, Madison 33 Owner LLC," and stating that "[i]f you have any questions or concerns please reach out to our counsel on the matter at:

> Jonathan S. Pasternak, Esq.
> Davidoff Hutcher & Citron LLP
> Phone: 646-428-3124 direct
> Mobile: 201-960-3939
> Fax: 914-381-7406
> Email: jsp@dhclegal.com

Nagi Decl., Exhibits 3, 4.

6. The notice to tenants from Madison 33 Owner LLC indicates that the Davidoff Firm and Mr. Pasternak are representing both Debtor, and non-debtor and interested party, Madison 33 Owner LLC, creating the appearance of a conflict of interests.

## OBJECTION

## The Davidoff Firm May Not be Disinterested and Gives the Appearance of a Conflict

A. The General Standard

7. Section 327(a) of the Bankruptcy Code permits a debtor in possession to employ professionals of his or her choice to represent the estate during a bankruptcy proceeding with court approval. *In re Project Orange Assoc., LLC*, 431 B.R. 363, 369 (Bankr. S.D.N.Y. 2010) (citing *In re Worldcom, Inc.*, 311 B.R. 151, 163 (Bankr. S.D.N.Y. 1004)). 11 U.S.C. §327(a) states, in part, that:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys . . . or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

8. Under Section 327(a), the prospective professional must be a disinterested party and must not have any interest adverse to the debtor's estate. The Bankruptcy Code further defines the term of "disinterested person" under Bankruptcy Code Section 101 (14) (A) and (C), as a person that-

> (A) is not a creditor … and …
> (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

9. "The disinterestedness standard under Section 327(a) is a safeguard to assure 'that the professionals' service presents no conflict of interest." *In re Vouzianas*, 259 F.3d 103, 107 (2nd Cir. 2001); *see also In re Vebeliunas*, 231 B.R. 181, 191 (Bankr. S.D.N.Y. 1999) (even the appearance of a conflict is to be avoided). The "disinterestedness" requirement of Section 327(a) implicates "only the personal interests" of the professional in question, requiring the professional to actually "have" such an interest. *Bank Brussels Lambert v. Coan (In re AroChem Corp.)*, 176 F.3d 610, 629 (2d Cir. 1999) (citing *In re BH & P*, 949 F.2d 1300, 1310 n. 2 (3d Cir. 1991)).

10. "The 'materially adverse' standard incorporated in the disinterestedness test and the 'interest adverse to the estate' language in section 327(a) overlap . . . and form a single test to judge conflicts of interest." *In re Granite Partners, L.P.*, 219 B.R. 22, 23 (Bankr. S.D.N.Y. 1998) (citations omitted); *In re Leslie Fay Cos.,* 175 B. R. 525, 532 (quoting *In re Martin*, 817 F.2d 175, 181 (1st Cir. 1987)). "[T]he twin requirements of disinterestedness and lack of adversity telescope into a single hallmark."). Section 327(a)'s prohibition of "[a]n interest adverse to the estate" has been construed strictly, and operates as a 'catch-all clause,' (*Vebeliunas*, 231 B.R. at 191-12 n.10), where any doubt will result in disqualification. *See In re Angelika Films 57th Inc.*, 227 B.R. 29, 39 (Bankr. S.D.N.Y. 1998).

4

11. Although the term "adverse interest" is not defined in the Bankruptcy Code, the Second Circuit has defined the term as:

> (1) to possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or (2) to possess a predisposition under circumstances that render such a bias against the estate.

*In re Enron*, 2002 WL 32034346, *8 (Bankr. S.D.N.Y. May 23, 2002) (citing *In re Caldor, Inc.*, 193 B.R. 165, 171 (Bankr. S.D.N.Y. 1996) (quoting *AroChem*, 176 F.3d at 623)).

12. "[S]tated another way, if it is plausible that the representation of another interest may cause the professional to act any differently than they would without that other representation, then that professional would have a conflict and an interest adverse to the estate warranting disqualification." *Enron*, 2002 WL 32034346 at *8 (citing *Leslie Fay*, 175 B.R. at 533). Adverse interests may include "economic and personal interests of an attorney." *See In re Mercury*, 280 B.R. 35, 54 (Bankr. S.D.N.Y. 2002). "Generally stated, the adverse interest test is objective and excludes any interests of relationship, however slight, that would even faintly color the independence and impartial attitude required by the Code and Bankruptcy Rules." *Project Orange*, 431 B.R. at 370 (citing *Granite Partners*, 219 B.R. at 33). When the retention of professionals is approved under Section 327, the Court must assure that the professionals must be able to fulfill their fiduciary responsibilities. *See Leslie Fay*, 175 B.R. at 532. Therefore, "even where section 327(c)[2] is applicable, if a court determines that there is an actual conflict of interest following an objection from the U.S. Trustee or a creditor the court must disapprove the employment." *Project Orange*, 431 B.R. at 371.

---

[2] 11 U.S.C. § 327(c) states:

> In a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.

5

13. Rule 2014 of the Federal Rules of Bankruptcy Procedure implements Bankruptcy Code Section 327, and requires proposed professionals to disclose, in addition to specific facts showing the necessity for the employment and any proposed arrangement for compensation, "to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorney and accountants." *See* Fed. R. Bank. Proc. 2014.

14. "Section 329(a) and Bankruptcy Rule 2016(b) require the source of compensation to be disclosed, 'even if the source is not the debtor but a third party.'" *In re Nunez*, 598 B.R. 696, 705 (quoting 3 Collier on Bankruptcy ¶ 329.03 (16th ed. 2019)); *see also In re Park-Helena Corp.*, 63 F.3d 877 (9th Cir. 1995) (failure of Chapter 11 debtor's attorneys to accurately and precisely disclose source of prepetition retainer as being paid not from corporate accounts of debtor but from money which debtor's president borrowed from debtor and deposited in personal checking account violated attorney's obligation to disclose all connections with debtor, debtor's officers, creditors and any other parties in interest).

B. Based on the Tenant Notice the Davidoff Firm May Have an Adverse Interest Thereby Disqualifying It

15. To authorize professionals' retention under Section 327, the Court must assure that the professionals are able to fulfill their fiduciary responsibility. *Leslie Fay,* 175 B.R. at 532. Based upon Madison 33 Owner LLC's June 20, 2024 notice to the tenants, which identifies the Davidoff Firm as its counsel, it is unclear whether the Davidoff Firm and/or Mr. Pasternak are conflicted. Nagi Decl., Ex. 3.

16. The Pasternak Declaration submitted in support of the Application states, at paragraphs 3 and 9, that neither Mr. Pasternak nor the Davidoff Firm has "any connection with … any other party in interest herein or their respective attorneys." However, there is an apparent connection to Madison 33 Owner LLC, based on Mr. Tessler's representation to the tenants that Mr. Pasternak and the Davidoff Firm are counsel for Madison 33 Owner LLC, which is listed in the Debtor's schedules as a

6

co-debtor, and is certainly an interested party. Mr. Pasternak did not disclose his and the Davidoff Firm's representation of Madison 33 Owner LLC in his Declaration of disinterestedness.

17. The Pasternak Declaration also fails to identify the source of the retainer, except to say that it was paid prior to the petition date by Mr. Tessler "on behalf of the Debtor." The Tessler Declaration also fails to identify the source of the funds paid to the Davidoff Firm for the retainer, but curiously acknowledges that there may be a legal issue regarding the source of the retainer payment, stating "I have been advised by [the Davidoff Firm] to consult with my own counsel; however, I have not retained independent legal counsel *regarding the payment of the aforementioned Retainer to [the Davidoff Firm]*." (emphasis added).

18. Mr. Pasternak's failure to disclose the representation of interested party Madison 33 Owner LLC, and Mr. Tessler's failure to disclose the source of the retainer paid to the Davidoff Firm, coupled with Mr. Tessler's attempt to divert rents from Lender to Madison 33 Owner LLC with Mr. Pasternak's assistance, raises concerns that Mr. Pasternak and Mr. Tessler are acting in their own economic self-interest, to wit, funding the retainer with rents belonging to Lender.

19. An adverse interest is one which would cause a professional to act differently (*Leslie Fay*, 175 B.R. at 533), or where there is any economic interest that would tend to lessen the value of the bankruptcy estate or create an actual or potential dispute with the estate as a rival claimant, or a predisposition or bias against the estate. *Granite Partners*, 219 B.R. at 33.

20. Based upon review of the Application and the representations to the tenants, it appears that what is being represented to the Bankruptcy Court and what is being represented to outsiders are two very different things, raising concerns about potentially divergent interests and Declarants' candor before this Court.

7

C. <u>The Davidoff Firm Must be Disinterested Not Only to the Estate but to the Debtor</u>

21. Separate and apart from the disinterestedness standard is the disqualification "for any other reason" that appears at the end of Bankruptcy Code Section 101(14)(C). *Vebeliunas,* 231 B.R. at 190-91. This language "permit(s) a court to find a person lacking in disinterestedness for reasons other than the non-exclusive statutory guidelines" (*Id.,* (citations omitted)) and "allows(s) a court to reject an attorney if it 'deems a particular person's associations to be prejudicial to disinterestedness . . . even though those associations do not come within the purview of section 101(13)." *Id.,* at 191. The *Vebeliunas* court determined that this catch-all phrase was sufficiently broad to "include any professional with an 'interest or relationship that would even faintly color the independence and impartial attitude required by the Bankruptcy Code'" and held that any attorney seeking retention by the estate was required to be disinterested with respect to both the estate and the debtor. *Id.,* at 191.

D. <u>The Davidoff Firm's Proposed Retention Gives the Appearance of a Conflict</u>

22. "To be disinterested is 'to prevent even the appearance of a conflict irrespective of the person or firm under consideration.'" *Id*., at 191 (citations omitted). In light of a professional's fiduciary duties as counsel to a debtor, it is critical to assure the independence and impartiality of the professional to be retained. Here, there is inadequate disclosure of the nature of the Davidoff Firm's involvement with Madison 33 Owner LLC prior to the current bankruptcy (and going forward), the source of the $25,000.00 retainer, and Mr. Pasternak's role in diverting rents from Lender, which creates the appearance that the Davidoff Firm may have a disqualifying conflict of interest.

## CONCLUSION

23. Section 327(a) requires that professionals retained by the estate be disinterested persons and not hold an interest adverse to the estate. Current case law holds that the "materially adverse standard" is incorporated in the "disinterestedness test" and the "interest adverse to the estate language" in Section 327(a) overlap and form a single test to judge conflicts of interest. *Granite Partners*, 219

8

B.R. at 22. Based upon the Davidoff Firm's representation of Madison 33 Owner LLC, in a capacity adverse to Debtor's creditors, it appears that the Davidoff Firm has failed to meet the disinterested requirement under Section 101(14) and may be subject to disqualification. At a minimum, the Application is deficient for lack of mandatory disclosures.

  **WHEREFORE**, Lender respectfully requests that the Court sustain the Objection, deny the Application, and grant other and further relief as the Court deems just and proper.

Dated: New York, New York
   June 27, 2024

                **OFFIT KURMAN, P.A.**

          By:  */s/ Jason A. Nagi*
             Jason A. Nagi, Esq.
             Kenneth J. Flickinger, Esq.
             590 Madison Avenue, 6th Floor
             New York, NY 10022
             Phone: 212-545-1900
             jason.nagi@offitkurman.com
             kenneth.flickinger@offitkurman.com
               and
             Joyce A. Kuhns, Esq. (admitted pro hac vice)
             Offit Kurman, P.A.
             1954 Greenspring Drive, Suite 605
             Timonium, MD 21093
             Phone: 410-209-6463
             jkuhns@offitkurman.com

             Counsel for Palm Avenue Hialeah Trust, a Delaware statutory trust, for and on behalf of and solely with respect to Series 2023-3

# CERTIFICATE OF SERVICE

I, JOYCE A. KUHNS, HEREBY CERTIFY that on June 27, 2024 a copy of Palm Avenue Hialeah Avenue Trust, a Delaware statutory trust, for and on behalf of and solely with respect to Series 2023-3's Objection to Debtor's Application to Retain Counsel were served via ECF on:

Jonathan S. Pasternak
Davidoff Hutcher & Citron LLP
605 Third Avenue
New York, NY 10158
jsp@dhclegal.com

Greg M. Zipes
DOJ-U.S. Trustee
Alexander Hamilton Custom House
One Bowling Green, Suite 534
New York, NY 10004
greg.zipes@usdoj.gov

Eric H. Horn, Esq.
290 West Mount Pleasant Ave., Ste 3260
Livingston, NJ 07039
ehorn@aystrauss.com

David Goldwasser
FIA Capital Partners
3284 N 29th Ct
Hollywood, FL 33020
dgoldwasser@fiacp.com

I ALSO CERTIFY that on June 27, 2024 a copy of Palm Avenue Hialeah Avenue Trust, a Delaware statutory trust, for and on behalf of and solely with respect to Series 2023-3's Objection to Debtor's Application to Retain Counsel were served via First-Class USPS Mail on the attached Creditor Matrix:

172 NB LLC
c/o Belkin Burden Goldman, LLP
One Grand Central Place
60 East 42nd Street, Suite 1620
New York, NY 10165

Natalia Pirogova
c/o Law Offices of Victor A. Worms
48 Wall Street, Suite 1100
New York, NY 10005

ArentFox Schiff LLP
233 South Wacker Drive, Suite 7100
Chicago, IL 60606

Gilsanz Murray Steficek LLP
129 West 27th Street, 5th Floor
New York, NY 10001

Fox Rothschild LLP
919 North Market Street
Wilmington, DE 19899

Gibgot Willenbacher CPA
310 East Shore Road
Great Neck, NY 11023

WBB Construction
c/o Tessler Developments LLC
172 Madison Avenue, #27A
New York, NY 10016

PJSC National Bank Trust
c/o Charles J. Nerko Barclay Damon LLP
1270 Avenue of the Americas, Suite 501
New York, NY 10020

Madison 33 Owner, LLC
Morrison Cohen LLP
909 Third Avenue
New York, NY 10022

Madison 33 Owner LLC
Attn: Yitzchak Tessler, President
461 Park Avenue South
New York, New York 10016

Dated: New York, New York
June 27, 2024

/s/ Joyce A. Kuhns
Joyce A. Kuhns