DAVIDOFF HUTCHER & CITRON LLP
*Proposed Attorneys for the Debtor*
605 Third Avenue
New York, New York 10158
(212) 557-7200
Robert L. Rattet, Esq.
Jonathan S. Pasternak, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                          Chapter 11

MADISON 33 PARTNERS, LLC,                                  Case No. 24-22500 (PB)

                              Debtor.
-----------------------------------------------------------x

### RESPONSE TO OBJECTION BY PALM AVENUE HIALEAH TRUST TO APPLICATION TO EMPLOY AND RETAIN DAVIDOFF HUTCHER & CITRON LLP AS ATTORNEYS FOR THE DEBTOR

The above-captioned debtor and debtor-in-possession (the "Debtor"), hereby files this Response to the Objection to Debtor's Application (the "Application") to Employ and Retain Davidoff Hutcher & Citron LLP ("DHC") as Attorneys for the Debtor [ECF No. 20] (the "Objection") and states:

### PRELIMINARY STATEMENT

The Objection filed by the alleged current lender of the Debtor, Palm Avenue Hialeah Trust (the "Lender"), is nothing more than a bad faith litigation tactic that contains numerous false and reckless allegations. Filed only a week after its Motion to Dismiss the Chapter 11 Case [ECF No. 17] (the "Motion"), the Lender, whose standing in this proceeding is questionable, now seeks to deprive the Debtor of competent counsel, in furtherance of its campaign to de-rail the Debtor's attempts to reorganize. In light of the Motion that was just filed, the Objection is clearly designed to further impede the Debtor's process through Chapter 11. Material

misrepresentations made in the Objection include: i) Mr. Tessler paid DHC's retainer with collateral rents diverted from the Lender; ii) DHC is also counsel to another party-in-interest, Madison 33 Owner, LLC ("Owner), and iii) there is an inherent conflict in DHC representing both the Debtor and the Owner.  All three of these assertions are material misrepresentations recklessly made by the Lender, as more fully explained below.  To be simply put, this Objection was filed in bad faith and the Debtor is dismayed that the Lender, who has yet to even establish standing in this Chapter 11 case, would resort to false accusations rather than engage in meaningful discussions for resolution of its disputed claim and this Chapter 11 case.

## RESPONSE

### A) The Lender May Not Have Standing in the Chapter 11 Case

1. First, it is questionable if the Lender even has standing in this Chapter 11 case. Proposed counsel for the Debtor recently performed an ACRIS search of the unsold units for the subject real property located at 172 Madison Avenue, New York, New York 10016 (the "Property"), and it appears that Lender has assigned its security interests in all of the units to Centennial Bank.  A copy of one of the ACRIS search results is annexed hereto as **Exhibit "A"**.

2. Nowhere in any of the Lender's pleadings in this Chapter 11 have these assignments to Centennial Bank been mentioned.

3. From the assignment of interests in the Property from Lender to Centennial Bank, it would appear that Lender has no continuing claim against the Debtor, and Centennial Bank might be the proper party in interest to assert the Objection and even appear in this Chapter 11 case.

**B) Mr. Tessler Paid DHC's Retainer With His Own Funds**

4.      Most disturbing, the Lender falsely accuses Mr. Tessler of using the Lender's collateral as payment for DHC's third party retainer.

5.      This assertion is blatantly false, as Mr. Tessler has declared under penalties of perjury that he used his own personal funds to pay DHC's pre-petition retainer. A receipt of the wire DHC received for payment of its retainer clearly shows this and is annexed to this Response as **Exhibit "B"**.

**C) DHC Has Not Heretofore Represented the Owner**

6.      The assertion made by the Lender that DHC also represents the Owner is also not true. As of the date of the Motion, DHC does not and has not previously represented the Owner.

7.      The Lender has apparently taken the communications of Mr. Tessler, a non-lawyer, at full face-value and has acted recklessly with the filing of the Objection. Although DHC was copied on some correspondence concerning rents for the Property, it has never been retained by or appeared for the Owner.

8.      Notwithstanding, in the spirit of full disclosure, DHC and Owner are in discussions for a possible engagement for the filing of Owner into Chapter 11 bankruptcy. In the upcoming weeks, Owner intends to file for Chapter 11 and move for joint administration of its case with the Debtor's Chapter 11 case for initial procedural purposes only.

9.      As Owner is the entity that owns the Property, it needs to file for Chapter 11 in order for it and the Debtor to effectively market and sell the unsold units at the Property and pay off their allowed creditors. Furthermore, due to Lender's patently false Objection, the Owner may need the protections afforded to it under Chapter 11, as the Lender is now demonstrating reckless and concerning behavior towards the Debtor and Owner with the materially false

3

assertions it has made in the Objection, its questionable standing, and Debtor's and Owner's potential causes of action as to the Lender.

**D) DHC Does Not Believe it Would Have a Conflict of Interest with Representing the Debtor and Potentially, the Owner**

10. The assertion that DHC would be conflicted in its simultaneous representation of the Debtor and the Owner is entirely fabricated by the Lender because it has falsely asserted DHC was paid with the Lender's collateral.

11. As already demonstrated above, DHC was paid personally by Mr. Tessler with his own funds, and not with any of the rent proceeds from the Property.[1]

12. As part of its bad faith litigation tactics, Lender has fabricated an alleged conflict of interest for DHC in its attempts to deprive the Debtor of competent counsel. To the contrary, the Debtor's and the Owner's interests are aligned and not in conflict.

13. DHC maintains there are no present conflicts of interest with its representation of the Debtor or with a possible representation of the Owner. Of course, this issue can be reviewed by the Court if and when the Owner files for Chapter 11.

**E) The Lender's Counsel Should be Disqualified from its Representation of the Lender**

14. Based upon information recently discovered by the Debtor, it would appear that Offit Kurman, P.A. ("Offit"), counsel to the Lender, is conflicted via its simultaneous representation of PJSC National Bank Trust ("PJSC") in the matter *PJSC National Bank Trust v. Natalia Pirogova* et al. (Index N. 160130/2020). The subpoena from this matter is annexed hereto as **Exhibit "C".**

15. From the attached subpoena it would appear that Offit is simultaneously representing PJSC, a lender for a member of the Debtor, while also representing the purported

---

[1] Assuming the ACRIS report showing assignment of the mortgage to Centennial Bank, the Lender likely has no continuing interests in the rents collected by the Owner.

4

lender of the Debtor in this Chapter 11 case, who is attempting to foreclose on that member's collateral and interest in the Property.

16. This is patent conflict of interest for Offit appearing to represent two parties having a competing interest in the same property and Offit should therefore be disqualified in its representation of the Lender in this Chapter 11 case.

**WHEREFORE**, for the reasons set forth above, the Debtor prays for an Order of this Court denying the Objection, and granting the Application, together with such other and further relief as appears just to this Court.

Dated: New York, New York
July 1, 2024

> DAVIDOFF HUTCHER & CITRON LLP
> *Proposed Attorneys for the Debtor*
> 605 Third Avenue
> New York, New York 10158
> (212) 557-7200
> By: */s/ Jonathan S. Pasternak*
>      Jonathan S. Pasternak